**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TE CONNECTIVITY CORPORATION,

     Plaintiff,

v.

LEAR CORPORATION,

     Defendant.

Case No. 22-cv-10732
Hon. Matthew F. Leitman

---

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters

the following protective order:

    1.    **Subject to Protective Order** – Any document or thing that is

produced in this litigation by a party may be produced by that party with the clear

and obvious designation "SUBJECT TO PROTECTIVE ORDER."  Documents

that are produced with the designation "SUBJECT TO PROTECTIVE ORDER"

shall only be used for purposes necessary with respect to this litigation.

    2.    **Confidential Information** – Any document or thing that a party

reasonably and in good faith believes to contain confidential information that is not

publicly available (such as research and development, commercial, or other

sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3.      **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

a.      The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

b.      Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

c.      Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

d.      This Court and its staff members.

4854-4804-2029_2

4.     **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

5.     **Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

   a.     Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel) who are not involved in patent prosecution for the receiving party in the same technology area.

   b.     Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

4854-4804-2029_2

c.     Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

d.     This Court and its staff members.

6.     **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information designated as "SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are disclosed to an independent expert or consultant, the receiving party shall give the producing party ten (10) days written notice of the proposed expert.  If the producing party objects to the expert, no designated material or information of the producing party shall be disclosed to the expert or consultant until the issue is resolved by the Court.

7.     **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

4854-4804-2029_2

8.    **Motion Practice** – This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. *See* Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

9.    **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced under either the "SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

4854-4804-2029_2

10.     **Challenging "Confidential" or "Highly Confidential" Designation**
– Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court.  The designating party shall have the burden of justifying its designation.  Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

11.     **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

12.     **Termination of Lawsuit** – All documents and things designated as "SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them.  This provision shall not apply to documents and things the Court determines are not confidential.  Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

4854-4804-2029_2

13.     **Production of Privileged Material** –The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 9, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 9, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4854-4804-2029_2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TE CONNECTIVITY CORPORATION,

     Plaintiff,                      Case No. 22-cv-10732

                                         Hon. Matthew F. Leitman

v.

LEAR CORPORATION,

     Defendant.

---

### EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

    I, _____, declare as follows:

1.    I have read the Protective Order in the above captioned case.

2.    I promise that I will only use the documents and things designated as "SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3.    I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

4854-4804-2029_2

ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5.    I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____

_____
[Signature]

4854-4804-2029_2